### In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

**REDACTED**

JARROD WILLIAMS
Defendant

Criminal Complaint

CASE NUMBER: 07- 233-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>November 24, 2007</u> in the District of Delaware, Defendant Williams did

knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about 8/11/2004 of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title <u>18</u> United States Code, Section(s) <u>922(g)(1)</u>

I further state that I am a(n) <u>Special Agent, ATF</u> and that this complaint is based
Official Title
on the following facts:

See attached Affidavit

FILED
NOV 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof:   Yes

_____
Special Agent, ATF

Sworn to before me and subscribed in my presence,

<u>November 24, 2007</u>   at   JPCt 20   <u>Wilmington, DE</u>
Date                                                              City and State

Honorable Terry Smith
Justice of the Peace Magistrate
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT OF: PAUL D. GEMMATO

1. Your affiant is a special Agent .Your affiant has been a law enforcement officer for over 18 years with the U.S. Bureau of Alcohol, Tobacco, and Firearms (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in numerous seizures of firearms and over a hundred investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on November 24, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by a Wilmington Police Officers with personal knowledge of the seizure of the below items]. One Davis, Model P-32, 32-caliber pistol, loaded with a magazine containing 5 .32 caliber rounds.

4. Your affiant reviewed the computer criminal history information for the Defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Possession of a Firearm During the Commission of a Felony on or about 8/11/2004 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. On 11/24/07, two Wilmington Police Officers were on duty at the Riverfront Arts Center, Wilmington, DE. The two officers were assigned to work security for the front entrance of the Arts Center. During their shift, both officers observed an individual (later identified as Jarrod Williams, B/M, DOB           who was being removed from the premises. After being removed, Williams made a few attempts to re-enter the premises, but was denied access. During one of these attempts to re-enter the premises, Williams threatened to shoot the security employee and possibly one of the Wilmington Police Officers. Williams again returned to the front of the Arts Center, and as he approached the entry doors, the two Wilmington Police Officers began walking towards him. Upon seeing the officers walking in his direction, Williams then turned around and began walking away. At that time, the security officer who Williams had earlier threatened, advised the police officers that Williams had a firearm in his right front pocket. The Wilmington Police Officers then approached Williams and detained him for officer safety/investigative purposes. One of the police officers then asked Williams if "he had anything on him." Williams then stated, "I got a heater," which the officers interpreted to mean, in light of their training and experience, that he was in possession of a firearm. At that time, one of the officers felt Williams' right front pants pocket and immediately recognized that he had a firearm in that location. The firearm was then taken into custody and Williams was arrested.

-2-

6.    From training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above-mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

7.    Your affiant learned from a Wilmington Police Officers that who has personal knowledge of the facts stated below that the firearm appeared to be capable of expelling a projectile by action of an explosive.

        Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Paul D. Gemmato
Special Agent, ATF

Sworn to and subscribed in my presence
this 24 day of November 2007

Honorable Terry Smith
Justice of the Peace Magistrate